# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CYNTHIA RADER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 10-4118-KHV |
| **U.S.D. 259 WICHITA PUBLIC SCHOOLS,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

Cynthia Rader brings suit pro se against Unified School District No. 259 ("U.S.D. 259"), alleging employment discrimination on the basis of age, disability, race and national origin. This matter comes before the Court on Defendant's Motion To Dismiss (Doc. #8) filed November 2, 2010 and Defendant's Motion To Strike Plaintiff's Response To Motion To Dismiss (Doc. #10) filed December 7, 2010.[1] Defendant seeks dismissal of plaintiff's claims for lack of personal jurisdiction

---

[1] Defendant's Motion To Strike Plaintiff's Response To Motion To Dismiss (Doc. #10) seeks to strike plaintiff's Response (Doc. #9) because plaintiff filed it out of time. Plaintiff filed her response on December 6, 2010 – nearly two weeks late and without leave of Court. Plaintiff has not responded to the motion to strike.

Under D. Kan. Rule 7.4(b), absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum. The Court then considers the motion as uncontested, and will ordinarily grant the motion absent a showing of excusable neglect.

Excusable neglect is a "somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P., 507 U.S. 380, 392 (1993). On the other hand, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." Id. In applying the excusable neglect standard, courts consider all relevant circumstances, including (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. Id. at 395.

Plaintiff has not responded to the motion to strike, and therefore has not provided the reason
(continued...)

under Fed. R. Civ. P. Rule 12(b)(5).[2] For reasons stated below, the Court sustains defendant's motion to dismiss.

## Legal Standards

Rule 12(b)(5) governs motions to dismiss for insufficient service of process. In opposing a motion to dismiss for insufficient service, plaintiff bears the burden to make a prima facie case that she has satisfied statutory and due process requirements so as to permit the Court to exercise personal jurisdiction over defendants. Fisher v. Lynch, 531 F. Supp.2d 2153, 1260 (D. Kan. 2008). The parties may submit affidavits and other documentary evidence for the Court's consideration, and plaintiff is entitled to the benefit of any factual doubt. Id.

## Factual Background

On September 17, 2010, plaintiff filed her complaint. On October 12, 2010, the United States Marshal's service sent a copy of the Summons and Complaint by certified mail, addressed to U.S.D. 259, Wichita Public Schools, 201 N. Water, Wichita, Kansas 67202. On October 25, 2010, the Marshal's service filed a Return of Service (Doc. #6). The certified mail receipt attached to the return of service carries the signature of "Mike Dies." The record does not include any information concerning Mike Dies.

---

[1](...continued)
for the delay or provided sufficient facts to demonstrate good faith. On the other hand, plaintiff's delay has caused no prejudice to defendant and no material delay of the proceedings. Likewise, the Court has no reason to believe that plaintiff acted in bad faith. On this one occasion, because the delay was relatively short and caused no prejudice to opposing parties or the judicial process, the Court will not disregard plaintiff's response brief. Plaintiff is cautioned, however, that pro se litigants must follow the same procedural rules as litigants who are represented by counsel.

[2] Defendant also seeks dismissal of plaintiff's age discrimination claim for lack of subject matter jurisdiction under Rule 12(b)(1), Fed. R. Civ. P. and dismissal of plaintiff's claim of national origin discrimination under Rule 12(b)(6), Fed. R. Civ. P.

**Analysis**

Defendant argues that the Court should dismiss the complaint under Rule 12(b) (5), Fed. R. Civ. P., for insufficient service of process. Plaintiff asks the Court to allow her to perfect service.

Valid service of process is a prerequisite to personal jurisdiction over a defendant. Omni Capital Int'l Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987). For service to confer personal jurisdiction over defendant, it must satisfy both due process and state statutory requirements. Brand v. Mazda Motor of Am., Inc., 920 F. Supp. 1169, 1171 (D. Kan. 1996).

Rule 4(j)(2), Fed. R. Civ. P., governs service of governmental entities, and allows for service on a school district by "serving the clerk or secretary or, if the clerk or secretary is not found, any officer, director or manager thereof." Service by mail must be addressed to the "appropriate official" at the official's governmental office. K.S.A. § 60-304(d)(4) (providing for service to clerk); see also K.S.A. § 60-303(c)(1) (allowing service by certified mail, return receipt requested). When the statute designates a particular recipient for process, courts must enforce that statutory procedure. Oltremari v. Kan. Social & Rehab. Serv., 871 F. Supp. 1331, 1349 (D. Kan. 1994). Here, based on the information which plaintiff provided, the U.S. Marshal's service sent the summons and complaint by certified mail but it did not address them to the clerk or secretary, as required by Kansas law. Plaintiff has not shown that service upon Mike Dies was in substantial compliance with the service statute and therefore the service was void. Hopkins v. State of Kansas, 237 Kan. 601, 702 P.2d 311, 315 (1985); Dunn v. City of Emporia, 7 Kan. App.2d 445, 643 P.2d 1137 (1982) (attempt at service not substantial compliance where plaintiff did not serve person within local governmental agency as required by statute). Accordingly, the Court finds that service was insufficient.

Generally, where the Court finds that service is insufficient but curable, it should quash the

service and give plaintiff an opportunity to re-serve defendant.  An extension of the service period is particularly appropriate where the delay has not prejudiced defendant and the statute of limitations might bar any refiled action.  Mehus v. Emporia State Univ., 295 F Supp.2d 1258, 1273-74 (D. Kan. 2004).  On this record, it appears that the deficiencies in service are curable.  Moreover, defendant does not argue that it will be prejudiced by an extension of the service period.  Therefore, on or before June 3, 2011, plaintiff may re-serve defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED** that Defendant's Motion To Dismiss (Doc. #8) filed November 2, 2010 be and hereby is **SUSTAINED in part**.  The Court quashes service on defendant and grants plaintiff until June 17, 2011, to re-serve defendant under Rule 4 of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that Defendant's Motion To Strike Plaintiff's Response To Motion To Dismiss (Doc. #10) filed December 7, 2010 be and hereby is **OVERRULED**.

Dated this 31st day of May, 2011 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
Kathryn H. Vratil  
United States District Judge