IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CYNTHIA RADER,**          )<br>                               )<br>           **Plaintiff,**    )<br>                               )<br> **v.**                        )<br>                               )<br> **U.S.D. 259 WICHITA PUBLIC SCHOOLS,** )<br>                               )<br>           **Defendant.**    )<br> _____) | **CIVIL ACTION**<br><br>**No. 10-4118-KHV** |

## MEMORANDUM AND ORDER

Cynthia Rader brings suit pro se, alleging that Unified School District No. 259 discriminated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Americans With Disabilities Act, 42 U.S.C. § 12101, et seq. This matter comes before the Court on Defendant's Motion To Dismiss (Doc. #19) filed July 12, 2011. Defendant seeks dismissal of plaintiff's claims for failure to exhaust administrative remedies under Fed. R. Civ. P. Rule 12(b)(1) and failure to state a claim under Fed. R. Civ. P. Rule 12(b)(6). For reasons stated below, the Court sustains the motion in part and overrules the motion in part.

## Legal Standards

In ruling on defendant's motion to dismiss for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P., the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible – and not merely conceivable – on its face. Id.; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense. Iqbal, 129 S.Ct. at 1950.

The Court need not accept as true those allegations which state only legal conclusions. See id.; Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff bears the burden to frame her complaint with enough factual matter to suggest that she is entitled to relief; it is not enough to make threadbare recitals of a cause of action accompanied by mere conclusory statements. Iqbal, 129 S.Ct. at 1949. Plaintiff makes a facially plausible claim when she pleads factual content from which the Court can reasonably infer that defendant is liable for the misconduct alleged. Id. Plaintiff must show more than a sheer possibility that defendant has acted unlawfully – it is not enough to plead facts that are "merely consistent with" defendant's liability. Id. (quoting Twombly, 550 U.S. at 557). A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not stand. Id. Similarly, where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged – but not "shown" – that the pleader is entitled to relief. Id. at 1950. Finally, the degree of specificity necessary to establish plausibility and fair notice depends on context, because what constitutes fair notice under Rule 8(a)(2) depends upon the type of case. Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232-32 (3d Cir. 2008)).

The Court construes plaintiff's pro se complaint liberally and holds it to a less stringent standard than formal pleadings drafted by lawyers. See Hall, 935 F.2d at 1110. The Court, however, does not assume the role of advocate for a pro se litigant. See id.

### Factual Background[1]

---

[1] The Court liberally construes the facts set out in plaintiff's Employment Discrimination Complaint (Doc.#1), as supplemented by the administrative charge which plaintiff (continued...)

On March 9, 2009, plaintiff filed a discrimination charge against the Wichita Public School District, USD No. 259, with the Kansas Human Rights Commission ("KHRC"). Doc. #8-3. The KHRC charge asserted that defendant had discriminated against her on the basis of race and disability and had retaliated against her. The KHRC charge then stated as follows:

> I am a disabled African American, and I have openly opposed acts and practices forbidden by the Kansas Act Against Discrimination.
>
> I have been employed by the Respondent since August 1998. I currently hold the position of Para Professional.
>
> In November 2007, I made a complaint of sexual harassment to members of management. Subsequently, from August 7, 2008 to February 23, 2009, I was subjected to racial comments, negative comments regarding my disability, and disparate treatment compared to similarly situated non-disabled, non-African American employees, to include but not limited to my work being more closely scrutinized, being given extra job duties, and not receiving a reasonable accommodation in a timely manner.
>
> I hereby charge that Wichita Public School USD 259 and its Representatives with a violation of the Kansas Act Against Discrimination, in that I was subjected racial and negative comments, and disparate terms, conditions, and privileges of employment due to my race, African American, my disability, and as acts of retaliation for having openly opposed acts and practices forbidden by the Kansas Act Against Discrimination.

Doc. #8-3 (headings omitted). On June 28, 2010, the EEOC issued plaintiff a notice of right to sue under the ADA and Title VII.

On September 17, 2010, plaintiff filed a pro se form Employment Discrimination Complaint. Doc. #1. She marked an "x" next to the box for Title VII, ADEA and ADA. On the space for "Other" plaintiff wrote, "Title I of the Americans With Disabilities Act of 1990, 42 U.S.C. 11211 et. seq. and Title V, Section 503 of the Act, 42 U.S.C. 12203." Under Item 8 – "Nature of the Case"

---

[1](...continued)
filed with the Kansas Human Rights Commission on March 9, 2009. See Doc. #8-3.

– plaintiff marked an "x" next to termination of my employment, failure to accommodate my disability, terms and conditions of my employment differ from those of similar employees, retaliation, harassment, and reduction in wages. Under Item 9 – "I believe that I was discriminated against because of (check all that apply)," – plaintiff marked "x's" next to "my race or color, which is African American," "[m]y national origin, which is African American," "my disability or perceived disability, which is permanent injuries -- neck back left shoulder," "my age (my birth date is 8/31/58)" and "other" (with no text in the line following).

In the essential facts section of the complaint form, plaintiff stated as follows:[2]

Wichita Public Schools, USD 259, discriminated and still continues to do so against my son and I because of our race. I filed complaints concerning our treatment. USD 259 WPS retaliated against my family – I was deliberately forced to lift severely mentally disabled high school students. I complained, but was threaten [sic] that if I didn't continue, I would be written up for insubordination. I have permanent injuries due to the intentional discrimination by USD 259. After the injuries I was still harassed and forced to work against my restrictions. When I complained about the violations of my restrictions, the principal had a meeting and as she yelled at me and hit her fist on her desk, she told me the only thing wrong with you, "you're just lazy." I was harassed then.

Doc. #1 at 3.

In response to defendant's motion to dismiss, plaintiff filed a <u>Motion To Strike Defendant's Motion to Dismiss</u> in which she asks the Court to list the remedies that plaintiff has not exhausted. See Doc. #21 at 1. The motion to strike states that Kansas employment law provides that employers may not terminate or discriminate against employees on the basis of race, disability or other protected classes and that it is illegal for an employer to terminate an employee in retaliation for filing a safety claim or "[w]ithout following its own stated procedure or policy [or] [f]or reasons not contained in

---

[2] In the margin of the complaint form, plaintiff wrote: "See EEOC information" and "see KHRC information filed."

the employment contract, if one exist[s]." See Doc. #21 at 2.

## **Analysis**

Defendant seeks to dismiss plaintiff's Title VII claims of national origin discrimination under Rule 12(b)(1), Fed. R. Civ. P., for lack of subject matter jurisdiction because plaintiff failed to exhaust administrative remedies.[3] Defendant also asserts that the Court should dismiss plaintiff's Title VII and ADA claims under Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim on which relief may be granted. Defendant asserts that the complaint does not include sufficient facts to support any of plaintiff's claims.

### I.   **Exhaustion Of Administrative Remedies As To National Origin Discrimination**

Filing a charge of discrimination with the EEOC is a jurisdictional prerequisite to the institution of a lawsuit based on a claim of employment discrimination under Title VII. See Alcivar v. Wynne, 268 Fed. Appx. 749, 753 (10th Cir. 2008) (Tenth Circuit has consistently held that exhaustion is jurisdictional prerequisite to suit under Title VII and not merely condition precedent to suit) (citing Shikles v. Sprint/United Mgmt. Co., 426 F.3d 1304, 1317 (10th Cir. 2005)). Without such a filing, federal courts lack subject matter jurisdiction to entertain discrimination claims under Title VII. See Carmody v. SCI Colo. Funeral Servs., Inc., 76 F. Supp.2d 1101, 1103-1104 (D. Colo. 1999).[4]

---

[3]   In response to defendant's motion to dismiss, plaintiff filed a motion to amend her complaint to delete her claim for age discrimination. See Doc. #23. On October 7, 2011, the Court sustained plaintiff's motion to amend.

[4]   After the Supreme Court's decision in Jones v. Bock, 549 U.S. 199 (2007), the Tenth Circuit has expressed concern whether failure to exhaust administrative remedies is still a jurisdictional prerequisite to suit. See Bates v. New Mex. Corr. Dep't, 2010 WL 4339367, at *10, n.2 (D. N. Mex. September 30, 2010) (citing Alcivar v. Wynne, 268 Fed. Appx. at 753) (noting that
(continued...)

To exhaust administrative remedies, a plaintiff generally must present her claim to the EEOC or authorized state agency (in Kansas, the KHRC) and receive a right to sue letter based on that charge. The charge "shall be in writing and signed and shall be verified," 29 C.F.R. § 1601.9, and must at a minimum identify the parties and "describe generally the action or practices complained of," 29 C.F.R. § 1601.12(b). The charge tells the EEOC or KHRC what to investigate, provides the opportunity to conciliate the claim and gives the charged party notice of the alleged violation. Martinez v. Potter, 347 F.3d 1208, 1211 (10th Cir. 2003). The exhaustion requirement serves the dual purposes of ensuring that the administrative agency has the opportunity to investigate and conciliate the claims and providing notice of the claims to the charged party. See id.

As noted, defendant asserts that plaintiff did not exhaust administrative remedies on her claim of national origin discrimination. Defendant points out that on the KHRC charge filed March 9, 2009, plaintiff did not mark the space for national origin discrimination. Further, the KHRC charge does not refer in any manner to national origin discrimination.

---

[4](...continued)
Bock held that under Prison Litigation Reform Act, exhaustion is affirmative defense to be raised by defendant and not jurisdictional pleading requirement); McQueen v. Colo. Springs Sch. Dist. No. 11, 488 F.3d 868, 874 (10th Cir. 2007) (although courts have repeatedly referred to exhaustion requirement as jurisdictional, recent Supreme Court jurisprudence in other contexts casts doubt on that characterization). Neither party in this case argues that administrative exhaustion is not still a jurisdictional prerequisite. Further, a recent unpublished Tenth Circuit decision indicates that Bock did not demote the exhaustion requirement from a jurisdictional prerequisite to an affirmative defense, at least in the Title VII context. See Pretlow v. Garrison, 420 Fed. Appx. 798, 803, n.4 (10th Cir. March 22, 2011) (noting that some panel decisions have "wondered aloud" whether in light of Bock, Tenth Circuit should revisit rule that exhaustion is jurisdictional prerequisite for plaintiff in employment context, but stating "[w]e remain, however, bound by extant circuit precedent on the matter"); see also Martinez v. Target Corp., No. 09-2112, 2010 WL 2616651, at *3 n. 2 (10th Cir. July 1, 2010) (Kelly, Porfilio, O'Brien, JJ.) (plaintiff "does not point us to a single decision - of this or any other court - applying Bock in the context of a Title VII or ADEA case.").

Although failure to mark the box for a particular allegation of discrimination is not dispositive, it creates a presumption that plaintiff did not assert claims represented by boxes not checked. Gunnell v. Utah Valley State Coll., 152 F.3d 1253, 1260 (10th Cir. 1998). Here, the KHRC charge does not contain any allegations to support Title VII claims of national origin discrimination. See Belcher v. Boeing Comm. Airplane Group, 105 Fed. Appx. 222, 227 (10th Cir. 2004) (failure to exhaust remedies for retaliation where plaintiff marked box for racial discrimination, but not boxes for retaliation and disability discrimination, and narrative portion of administrative complaint contained no suggestion of retaliation); cf. Jones v. United Parcel Serv., 502 F.3d 1176, 1186 (10th Cir. 2007) (consideration of acts not expressly included in administrative charge appropriate where alleged conduct would fall within scope of EEOC investigation which would reasonably be expected to follow charge of discrimination actually made). On the KHRC charge, plaintiff marked the box for race discrimination and then wrote that defendant subjected her to racial and negative comments "due to my race, African American." Doc. #8-3 at 1-2. Plaintiff did not allege that defendant discriminated against her because of any nation from which her African ancestry may have come and her allegations do not go beyond race. Nothing in the KHRC charge suggests that plaintiff intended to make a national origin claim. The Court finds that plaintiff's purported national origin claim is not "reasonably related" to her claims of race discrimination. See Freeman v. State of Kansas, No. 97–2531–JWL, 1998 WL 259899, at *5 (D. Kan. Apr. 10, 1998) (African-American plaintiff filed charges of discrimination based on her race; claims of national origin discrimination not reasonably related to her claims of race discrimination); cf. Daneshvar v. Graphic Tech., Inc., 18 F. Supp.2d 1277, 1284 (D. Kan. 1998) (where gist of plaintiff's allegations go to his being "Iranian–American," they logically comprise both plaintiff's country of origin and racial group). Plaintiff has failed to

exhaust administrative remedies on her claims of national origin discrimination, and the Court therefore lacks subject matter jurisdiction over her Title VII national origin claims.

**II.     Failure To State A Claim**

Defendant seeks to dismiss plaintiff's Title VII and ADA claims because plaintiff has failed to plead sufficient facts to support her claims under Twombly and Iqbal. See Twombly, 550 U.S. at 555; Iqbal, 129 S. Ct. at 1950 (2009).

First, defendant points out that the complaint alleges in a conclusory manner that defendant discriminated against plaintiff's son on the basis of race. The complaint contains absolutely no specific facts to support a claim that defendant discriminated against plaintiff's son. Further, plaintiff is not authorized to assert a cause of action on behalf of her child.[5] The Court therefore dismisses without prejudice the claims that defendant discriminated or retaliated against plaintiff's son.

As to the remaining claims, defendant argues that plaintiff only makes general allegations about violations of Title VII and the ADA, and "does not provides sufficient facts to support any of these claims." The Court agrees that the complaint is not a model of pleading. But defendant does not identify the elements of each cause of action and provides no analysis of plaintiff's claims.[6] The

---

[5]     Under 28 U.S.C. § 1654, "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." This statute allows litigants to proceed either pro se or through counsel, not in any other manner. The statute does not permit pro se litigants to represent other parties, even their own children. See Zhu v. Countrywide Realty Co., Inc., 160 F. Supp.2d 1210, 1225-26 (D. Kan. 2001) (citing Meeker v. Kercher, 782 F.2d 153, 154 (10th Cir. 1986) (pro se litigant had right to appear in propria persona, but did not have the right to represent his daughters)). The Tenth Circuit has specifically held that "under Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney." Meeker, 782 F2d at 154.

[6]     The Complaint and Administrative Charge arguably assert ADA claims of failure to
(continued...)

Court will not construct legal arguments on behalf of defendant. See, e.g., Moore v. Bd. of Cnty. Commr's of Leavenworth, 470 F. Supp.2d 1237, 1250 (D. Kan. 2007).

**IT IS THEREFORE ORDERED** that Defendant's Motion To Dismiss (Doc. #19) filed July 12, 2011 be and hereby is **SUSTAINED in part**. Plaintiff's claims of national origin discrimination under Title VII are hereby **dismissed without prejudice**.

**IT IS FURTHER ORDERED** that any claims which plaintiff seeks to bring on behalf of her son be and hereby are **dismissed without prejudice**.

Dated this 30th day of December, 2011 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge

---

[6](...continued)
accommodate, unlawful termination and retaliation and Title VII claims of disparate treatment and harassment on the basis of race and retaliation.